UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA,

                             Plaintiff,

    v.                                                      5:18-CV-1052 (GLS/ATB)

NORTH SYRACUSE POLICE,

                             Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint ("Compl."), together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Matthew DeRocha.[1] (Dkt. Nos. 1, 2).

**I.**    **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). However, the application does not appear to be properly completed. Plaintiff alleges that he has no wages, and that he also has no other income from *any sources*. (Dkt. No. 2 at 1). He also indicates that he has no money in any bank accounts. (*Id.* at 2). He has left every other question on the IFP application form blank. (*Id.*) While plaintiff may not have any income from businesses, rent payments, pensions, disability or worker's compensation, or gifts, the form also asks whether plaintiff has income from "other sources." (Dkt. No. 2, ¶ 3(f)). These other sources

---

[1] The court notes that plaintiff filed a very similar complaint, in which he challenges a different arrest, against the Syracuse Police Department. *DeRocha v. Syracuse Police*, No. 5:18-CV-1051 (BKS/ATB).

would include public assistance or other money that plaintiff obtains from "any" source. Thus, while it appears that plaintiff meets the financial criteria for IFP, he needs to properly complete the application so that the court may make an informed decision. Because this court is recommending dismissal without prejudice to amendment, I will also recommend that, if plaintiff files an amended complaint, he also submit a properly completed IFP form for the court's review.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Complaint

Plaintiff alleges that he was arrested by the "North Syracuse Police" for DWI, but that plaintiff was "not drinking and driving." (Compl. ¶ 4 - Facts). Plaintiff states that he was forced to go to "trile [sic]" and forced to go to court "1 to 3 times a month" for more than three years. (*Id.*) Plaintiff states that he missed work to attend these court appearances, and that was "hard to do." Plaintiff states that he moved to Florida, but had to drive all the way back to Syracuse on two weeks notice for the trial. He states that he was fired from his job and was forced to move back to Syracuse, but he "won" and the "charge was acquitted." (*Id.*) The complaint contains no causes of action, but asks for $15,000.00 in damages. (Compl. ¶¶ 5, 6).

## III.   North Syracuse Police

### A.   Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.2002) (dismissing claim against the police department); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31

3

(S.D.N.Y. 1997) (dismissing case against the County Board of Ethics). Therefore, claims asserted under 42 U.S.C. § 1983 must be dismissed against an administrative department or sub-division of a municipality or county. *Id. See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B.   Application

In this case, plaintiff has named only the "North Syracuse Police" as a defendant and has not indicated any basis for his lawsuit. In addition, plaintiff has not indicated when any of the alleged incidents occurred.[2] Plaintiff states only that he was forced to appear court for "over three years," and then he moved to Florida. (Compl. ¶ 4). He does state that he was acquitted after a trial. (*Id.*)

As stated above, plaintiff may not sue the "North Syracuse Police." The plaintiff has not named any other defendants. In certain situations, the court could substitute the Town of North Syracuse, but plaintiff has not stated any claim for municipal liability.[3]

---

[2] A section 1983 action must be brought within three years of the accrual of plaintiff's claim. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).

[3] A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), (Rep.-Rec*.), adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to

Thus, the court will not order substitution of defendants, and I must recommend dismissal of the complaint.

It is also unclear what plaintiff is attempting to claim. Plaintiff may be attempting to allege that he was falsely arrested. Section 1983 provides a cause of action for damages on behalf of a plaintiff who has been deprived of a constitutional or statutory right by a person acting under color of state law. 42 U.S.C. § 1983. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Section 1983 does not create substantive rights, it provides redress for the deprivation of rights that are established elsewhere. *Minott v. Duffy*, No. 11 Civ. 1217, 2014 WL 1386583, at *9 (S.D.N.Y. Apr. 8, 2014) (citing *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)).

A plaintiff may bring a section 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable searches and seizures. *Id.* at *10. The standard is the same as a false arrest claim under New York law, which requires that the defendant intended to confine the plaintiff, plaintiff was conscious of the detention, plaintiff did not consent to the detention, and the confinement was not otherwise privileged. *Id.* at *10 (citing *Gaston v. City of New York*, 851 F. Supp. 2d 780, 787 (S.D.N.Y.2012) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134–35 (2d Cir.2003)). However, the existence of probable cause is an absolute defense to a false arrest claim. *Id.* (citation omitted).

It is unlikely that any claim for false arrest in this case could proceed. Plaintiff

---

"practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

has not named any individual defendants. He must name the officer or officers who he claims falsely arrested him, and who acted under color of state law. Each individual sued must have had personal involvement in the arrest in order to be liable under section 1983. *Id.* at *11 (quoting *Travis v. Vill. of Dobbs Ferry*, 355 F. Supp. 2d 740, 747 (S.D.N.Y.2005)). Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

The court also notes that a claim for false arrest accrues when a criminal defendant is bound over by a Magistrate or arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 389 (2007), unlike a claim for malicious prosecution, which does not accrue until the criminal case is resolved in the defendant's favor. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). Plaintiff alleges that after he was arrested, he had to appear in court one to three times per month "for over 3 years," then he moved to Florida, and subsequently moved back to Syracuse, where he was ultimately acquitted of the charges. Any false arrest claim would have accrued when plaintiff appeared in court the first time, and he was arraigned on the DWI charge. Thus, based on the face of the complaint, it appears that the three year statute of limitations has run on any false arrest claim, even if he had named the proper defendants.

Another basis for plaintiff's claims could have been malicious prosecution. A malicious prosecution claim under New York law requires the plaintiff to prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v.*

*Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks omitted)).

In this case, the facts as described in the complaint do not state a claim for malicious prosecution. First, as above, plaintiff has not named any particular defendant. *Blythe v. City of New York*, 963 F. Supp. 2d 158, 183 (E.D.N.Y. 2013) (the individual police officers who arrested plaintiff would be the proper defendants for any false arrest or malicious prosecution claim). Second, plaintiff simply asserts that he was arrested for DWI, but he was not drinking and driving. There are absolutely no supporting facts alleged, and plaintiff does not claim either a lack of probable cause or "actual malice as a motivation" for the officer or officers' actions. Plaintiff essentially alleges that the charge was inconvenient for him to defend, and that he missed work because he had to go to court. He also complains because he decided to move to Florida, but was called back to North Syracuse court with "2 weeks notice," and he had to drive all the way. Apparently, plaintiff was fired from his job in Florida because of this inconvenience, and "was forced" to move back to Syracuse. None of plaintiff's conclusory allegations state a claim for malicious prosecution. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (conslusory allegations are insufficient to state a constitutional claim). Thus, the complaint may be dismissed.

## VII. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with

7

plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

**B.     Application**

As stated above, plaintiff's IFP application appears to be incomplete. In addition, plaintiff does not state any claims for relief. Plaintiff has also failed to state when the incidents which form the basis of his complaint took place. Finally, it appears that the statute of limitations has run with respect to any claims for false arrest. However, this court will recommend dismissal with the opportunity to amend so that plaintiff may have an opportunity to cure the defects in his complaint if possible. *See Moco v. New York City Police Dep't*, Nos. 17-CV-5608. 17-CV-5611, 2018 WL 344968 (E.D.N.Y. Jan. 9, 2018) (allowing amendment in a similar case).

If the court approves this recommendation and plaintiff chooses to submit a proposed amended complaint, plaintiff must keep the following admonitions in mind. With respect to the IFP application, plaintiff must properly complete each question. With respect to any amended complaint: (1) Plaintiff may not sue the North Syracuse Police. (2) Plaintiff must name the individuals who he believes were responsible for an alleged deprivation of his constitutional rights and a brief description of what each individual did or failed to do. If plaintiff does not know the officers' names, he may identify them as "John or Jane Doe, along with any physical description that he may remember. (3) Plaintiff must provide the date and time that the incidents allegedly occurred.

Finally, if the court adopts this recommendation, and plaintiff submits a proposed amended complaint, the amended complaint must be a complete pleading, and will supercede the original. Plaintiff must repeat all of his claims, correcting the

8

deficiencies noted above. The complaint must stand alone, and he may not incorporate any facts from the original document.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **DENIED WITHOUT PREJUDICE** to plaintiff filing an amended and complete application, and it is

**RECOMMENDED**, that the entire complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff submitting a proposed amended complaint as stated above for the court's review, and it is

**RECOMMENDED**, that if the District Judge adopts this Recommendation, the plaintiff be given forty-five (45) days to file his proposed amended complaint, and it is

**RECOMMENDED**, that if plaintiff files a proposed amended pleading, the pleading be returned to me for initial review, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation and plaintiff fails to submit a timely proposed amended complaint or ask for an extension of time to do so, the complaint be dismissed in its entirety without further action by the court, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on the plaintiff in accordance with the Local Rules of the Northern District of New York.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 12, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge