UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA,

                                                         Plaintiff,

        v.                                                                5:18-CV-1052
                                                                                   (GLS/ATB)

NORTH SYRACUSE POLICE,

                                                         Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MATTHEW DeROCHA
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

# ORDER

## I.    Procedural History

Plaintiff filed his original complaint in this case on September 4, 2018, together with an incomplete application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). I conducted an initial review of the complaint, and issued an Order and Report-Recommendation ("ORR"), ordering that plaintiff properly complete his IFP application, and recommending dismissal of his complaint on the merits with leave to amend. (Dkt. No. 5). On October 22, 2018, plaintiff filed a renewed motion to proceed IFP, and instead of filing objections to my ORR, he filed an amended complaint. (Dkt. Nos. 10, 11). On October 24, 2018, I found that plaintiff properly completed his motion to proceed IFP, and that he meets the financial criteria to proceed without payment of fees. (Dkt. No. 12). Thus, I granted IFP for purposes of filing and for consideration of my ORR. (*Id.*) On October 29, 2018, Senior Judge Gary L. Sharpe, adopted my ORR and sent the amended complaint back to me for initial review.

On November 27, 2018, I recommended dismissing plaintiff's false arrest claims, but recommended that the malicious prosecution claims go forward. (Dkt. No. 14).

Generally, an amended complaint must supercede the original. Plaintiff in this case attempted to cure the defects in the original complaint, but did not quite include all the relevant allegations in the proposed amended complaint. Upon review, I determined that rather than ask plaintiff to amend a second time, I would order the clerk to attach the original complaint (Dkt. No. 1) to the amended complaint (Dkt. No. 11) and file them together as the operative amended complaint. (Dkt. No. 14 at 17). The Clerk complied with my order and sent the ORR to Judge Sharpe for his review. The operative complaint has been filed as **Docket No. 15**.

On December 21, 2018, Judge Sharpe adopted my ORR and sent the case back to me for a further order regarding service of the complaint on the remaining defendants. (Dkt. No. 16). Judge Sharpe's order also directed me to review a second "amended complaint," which appeared to have been filed by the plaintiff. (Dkt. No. 16 at 2 (citing Dkt. No. 15)). However, as stated above, Docket No. 15 was filed by the Clerk at my direction on November 27, 2018, and is now the operative amended complaint.[1] Thus, I may proceed to order service of the amended complaint, as modified by my ORR and Judge Sharpe's order, dismissing the false arrest claims, but allowing the malicious prosecution claims to proceed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP is **GRANTED** for all relevant purposes,[2] and it is

**ORDERED**, that Docket No. 15 is the operative amended complaint in this

---

[1] Plaintiff did not file a second amended complaint without authorization.

[2] Although his in forma pauperis application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2

action, and it is

**ORDERED**, that only plaintiff's malicious prosecution claim against defendants Tripp and Linstruth survives initial review and requires a response, and it is

**ORDERED**, that Officers Linstruth "ID#114" and Officer Tripp be added as individual defendants in this action, and it is

**ORDERED**, that the Village of North Syracuse be substituted as a defendant in place of the North Syracuse Police, **only** for purposes of properly identifying and serving Officers Linstruth and Tripp,[3] and it is

**ORDERED**, that the Clerk shall send a copy of the amended complaint (Dkt. No. 15); a copy of this court's ORR (Dkt. No. 14); Judge Sharpe's Order (Dkt. No. 16) and this Decision and Order to the Village of North Syracuse, 600 South Bay Rd., North Syracuse, NY 13212.  To the extent possible, the Village of North Syracuse is hereby requested to produce the information specified above regarding the full names of defendants Tripp and Linstruth so that they may be properly served with process within **thirty (30) days** of the filing date of this Decision and Order.  Upon receipt of a response from the Village of North Syracuse as directed above, the Clerk shall return this file to me for any further necessary orders directing service on the individual defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply

---

[3] The defendants cannot be served until they are properly identified.

3

with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on plaintiff.

Dated: January 2, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge