**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW DEROCHA,**

               **Plaintiff,**

               **v.**

**OFFICER LINSTRUTH et al.,**

               **Defendants.**
_____

**5:18-cv-1052**
**(GLS/ATB)**

## **SUMMARY ORDER**

Plaintiff *pro se* Matthew DeRocha commenced this action against defendants Officers Linstruth and Tripp pursuant to 42 U.S.C. § 1983, alleging malicious prosecution. (Am. Compl., Dkt. No. 15.) Pending is defendants' motion to dismiss. (Dkt. No. 28.) For the following reasons, the motion is granted.

The court assumes the parties' familiarity with the factual background in this action, as well as previous orders and decisions in this matter.

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." For a full discussion of the governing standard for Rule 12(b)(6), the court refers the parties to its prior decision in *Ellis v.*

*Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citation omitted). An amended complaint is intended to replace and supercede in its entirety the previous complaint. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) (internal citation omitted). Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See id*. This requirement is buttressed by the Local Rules of Practice, which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y. L.R. 7.1(a)(4). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id.* "[T]his requirement eliminates the confusing nature of 'piecemeal' amended complaints." *Chapdelaine v. Keller*, 95-CV-1126, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999).

To state a claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal citations omitted).  In New York, a plaintiff must show: (1) the initiation of a criminal proceeding; (2) "termination of the proceeding in plaintiff's favor"; (3) a "lack of probable cause for commencing the proceeding"; and (4) "actual malice as a motivation for [the] defendant's actions."  *Id.* at 161 (internal citations omitted).

While DeRocha's amended complaint fails to state a claim, and dismissal is warranted, he should nonetheless be afforded a final opportunity to amend in light of the special solicitude afforded *pro se* litigants in the Second Circuit.  *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally. . . . Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." (internal citations and quotation marks omitted)); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed

3

liberally and interpreted to raise the strongest arguments that they *suggest*." (internal citations and quotation marks omitted) (emphasis in original)); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (recognizing that *pro se* litigants must be accorded "special solicitude" (citation omitted)). More specifically, although defendants argue, and the court agrees, that DeRocha has failed to specifically plead allegations that he was arrested without probable cause, (Dkt. No. 28, Attach. 1, at 6), DeRocha's responsive memorandum of law[1] states, in relevant part, "there was no proff [sic] or probible [sic] cause for the charges," (Dkt. No. 34). DeRocha's response also notes that he has "more to say if [the court] need[s] it of why [he] think[s] they did this." (*Id.*) Accordingly, DeRocha may file an amended complaint, which shall supersede and replace in its entirety his pleadings. Any proposed amended complaint submitted in

---

[1] The mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint. *See Gadson v. Goord*, 96 Civ. 7544, 1997 WL 714878, at *1, n.2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)) ("Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."). While the court declines to read DeRocha's response as effectively amending the operative pleading, it does consider it in affording DeRocha leave to amend for a final time.

response to this Summary Order must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  This means that any proposed amended complaint cannot merely refer back to DeRocha's previous pleadings, nor should it include claims or defendants that the court has already dismissed.  (Dkt. No. 16.)

Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that DeRocha's Amended Complaint (Dkt. No. 15) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that DeRocha may file an amended pleading within thirty (30) days from the date of this Summary Order; and it is further

**ORDERED** that, if DeRocha fails to file an amended pleading in the time permitted, the Clerk shall enter judgment dismissing the action with prejudice without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

5

**IT IS SO ORDERED.**

October 30, 2019
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge